# EXHIBIT 5

# GRANT AGREEMENT

This Grant Agreement ("**Agreement**") is entered into, effective as of January 7, 2026 (the "**Effective Date**"), by and between The NRA Foundation, Inc., a D.C. nonprofit corporation (the "**Foundation**"); and the National Rifle Association of America, a New York not-for-profit corporation ("**NRA**") (individually "Party and collectively "Parties").

## BACKGROUND

A. NRA, which is exempt from U.S. federal income tax under I.R.C. section 501(c)(4), is the premier firearms education organization in the world. It operates many gun safety and educational projects of benefit to the general public.

B. The Foundation, which is exempt from U.S. federal income tax under I.R.C. section 501(c)(3), was founded, in part, to help fund the NRA's gun safety, educational, and other projects that qualify under I.R.C. section 501(c)(3).

C. NRA has submitted to the Foundation one or more applications for grants to fund those charitable programs.

In consideration of the promises contained in this Agreement, the Parties agree to the following:

## TERMS

**SECTION 1   Grant.**

1.1 The Foundation shall grant to NRA the amount of funds (the "**Grant Funds**") specified in the Grant Budget for each specific approved grant application as detailed in Exhibit A, which Exhibit A is attached to and incorporated into this Agreement.

1.2 The Foundation shall pay the Grant Funds to NRA in four equal payments, on or about January 15, 2026 - April 16, 2026 - July 16, 2026 - October 15, 2026.

**SECTION 2   Conditions on Use of Grant Funds.**

2.1 **Use and Return of Grant Funds.** NRA shall:

(A) use the Grant Funds solely for the programs specified in the Grant Application(s) and for the specified expenses and costs as detailed in Exhibit A and as approved by the Foundation ("the "**Grant Activities**"); and

(B) return to the Foundation any Grant Funds not used as required in 2.1(A).



2.2 **Charitable Purposes.** NRA shall use the Grant Funds only for activities that further charitable, educational, and other qualified purposes as described in I.R.C. section 501(c)(3).

2.3 **No Political Activity.** NRA may not use Grant Funds for participating or intervening in any political campaign on behalf of or in opposition to any candidate for public office within the meaning of I.R.C. section 501(c)(3).

2.4 **No Lobbying Activity.** NRA may not use Grant Funds for carrying on propaganda or attempting to influence legislation within the meaning of I.R.C. sections 501(h) and 4911 expect as such activities are permissible as described in applicable provisions of the I.R.C.

**SECTION 3   Reports, Records, and Copies of Documents.**

3.1 **Reports.** NRA shall submit to the Foundations Executive Director quarterly during in persons meetings as agreed upon by both parties.

(A) A description of the Grant Activities paid for by the Grant Funds; and

(B) a grant-allocation spreadsheet showing how NRA used the Grant Funds.

(C) Verbal presentations by the programs employees.

3.2 **Records.** NRA shall prepare and maintain for four years after the end of the year in which NRA receives the Grant Funds adequate records of its expenditures and activities to demonstrate compliance with this Agreement's terms.

3.3 **Copies of Documents.** NRA shall, upon request from the Foundation, provide the Foundation with copies of documents relevant to this Agreement, including books, records, and accounts.

**SECTION 4   Relationship Between the Parties.**

4.1 **Nature of Relationship.** The relationship between the Foundation and NRA established by this Agreement is that of grantor and grantee and not that of principal/agent or beneficiary/trustee.

4.2 **Limitation on the Foundation's Liability.** Beyond the rights and obligations specifically stated in this Agreement, the Foundation is not responsible for the operation or administration of any program or activity conducted or administered by NRA.

**SECTION 5   Termination.**

5.1 **Events of Termination.** This Agreement terminates upon the occurrence of any of the following events:

(A) at any time by the Parties' written agreement;

(B) 30 days after one Party gives notice of an intention to terminate this Agreement; or



  (C) immediately upon notice of one Party to the other after any of the following events:

    (i) a Party's bankruptcy or dissolution;

    (ii) the material breach of this Agreement by a Party; or

    (iii) fraudulent or criminal acts by a Party.

5.2 **Post Termination.** Upon termination of this Agreement, NRA must promptly return any unused or uncommitted Grant Funds to the person or entity identified by the Foundation.

### SECTION 6 General Provisions.

6.1 **Entire Agreement.** This Agreement represents the entire agreement between the Parties with respect to its subject matter.

6.2 **Amendment.** This Agreement may not be amended or modified except in a writing signed by both Parties.

6.3 **No Waiver.** A Party's failure to exercise any of its rights under this Agreement shall not be deemed a waiver of those rights.

6.4 **Severability.** Each provision of this Agreement is separately enforceable if the intent of the Parties can still be fulfilled, and the invalidity of one provision does not affect the validity or enforceability of any other provision.

6.5 **Interpretation.**

  (A) The subject headings used in this Agreement are included for purposes of reference only and may not affect the interpretation or construction of any of its terms.

  (B) References in this Agreement to "Section" without elaboration are references to the numbered sections of this Agreement.

  (C) "Includes" or "including" means "including but not limited to." (D) "I.R.C." means the U.S. Internal Revenue Code of 1986, as amended.

  (E) "IRS" means the U.S. Internal Revenue Service.

6.6 **Survival.** Each Party's obligations under any terms that by their sense and context are intended to survive this Agreement shall survive this Agreement's expiration, termination, or rescission.

6.7 **Assignment.** A Party may not assign this Agreement without the other Party's prior written approval.

6.8 **Effect of Agreement.** This Agreement is binding upon and inures to the benefit of the Parties and their respective successors and assigns.

*PC*

6.9  **Notices.** All notices and other communications required or permitted under this Agreement must be in writing and must be sent or emailed to the Party at that Party's address set forth on the signature page or at whatever other address the Party specifies in accordance with this Section 6.10.

6.10  **Counterparts and Signatures.**

(A)  The Parties may sign this Agreement in counterparts, each one of which is considered an original, but all of which together, upon delivery, constitute a single instrument.

(B)  Facsimile or electronic signatures on this Agreement are as binding and enforceable as original signatures.

The Parties have executed this Grant Agreement as of the Effective Date.

**National Rifle Association of America**

**Address:**
11250 Waples Mill Road
Fairfax, VA 22030
email:

By: _____
Name: douglas hamlin
Title: EVP/CEO
Date: 1/14/26

**NRA Foundation, Inc.**

**Address:**
11250 Waples Mill Road
Fairfax, VA 22030
email:

By: _____
Name: Peter Churchbourne
Title: Executive Director
Date: 1/17/26