**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL RIFLE ASSOCIATION OF AMERICA, INC.,
*Plaintiff/Counter-Defendant*,

v.

THE 1791 FOUNDATION, INC., *initially sued as* NRA FOUNDATION, INC.

*Defendant/Counter-Plaintiff*

Civil Action No. 1:26-cv-00015 (SLS)

**DEFENDANT THE 1791 FOUNDATION, INC.'S**
**MOTION TO BIFURCATE AND PARTIALLY STAY DISCOVERY**

Defendant The 1791 Foundation, Inc., formerly known as The NRA Foundation, Inc. (the "Foundation"), by and through undersigned counsel, respectfully requests that the Court:

(1) Bifurcate discovery and permit only targeted discovery on the 1998 Trademark License granted by Plaintiff the National Rifle Association, Inc. ("NRA") to the Foundation ("Trademark License"), to proceed, including the question of whether the NRA Board of Directors ever validly terminated the Trademark License and, if so, when;

(2) Stay all other discovery pending resolution of the Foundation's anticipated summary judgment motion on the discrete Trademark License issue;

(3) Set the following deadlines for the close of targeted discovery and summary judgment briefing on the Trademark License issue;

a. September 30, 2026 as the close of targeted discovery on the Trademark License issue;

b. October 12, 2026 as the deadline for the Foundation's Motion for Summary Judgment on the Trademark License issue;

c. November 2, 2026 as the deadline for the NRA's Opposition to the Foundation's Motion for Summary Judgment on the Trademark License issue;

d. November 16, 2026 as the deadline for the Foundation's Reply to its Motion for Summary Judgment on the Trademark License issue; and

(4) Grant such other and further relief as the Court deems just and proper. This Motion is supported by the accompanying Memorandum submitted herewith.

Dated: August 28, 2026

Respectfully submitted,

**DLA PIPER LLP**

*/s/ Christopher Oprison*
Christopher Oprison (D.C. Bar No. 489087)
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
Tel: (305) 423-8522
Fax: (305) 657-6366
chris.oprison@dlapiper.com

Mary E. Gately (D.C. Bar No. 419151)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4507
Fax: (202) 799-5507
mary.gately@dlapiper.com

Meagan D. Self (admitted *pro hac vice*)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Tel: (214) 743-4556
Fax: (972) 813-6254
meagan.self@dlapiper.com

Marie Bussey-Garza
1650 Market Street

One Liberty Place, Suite 5000
Philadelphia, PA 19103
Tel: (215) 656-3300
Fax: (215) 656-3301
marie.bussey-garza@dlapiper.com

*Attorneys for Defendant The 1791 Foundation, Inc., formerly known as The NRA Foundation, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., *Plaintiff/Counter-Defendant*, | |
| v. | Civil Action No. 1:26-cv-00015 (SLS) |
| THE 1791 FOUNDATION, INC., *initially sued as* NRA FOUNDATION, INC. *Defendant/Counter-Plaintiff*. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE 1791 FOUNDATION, INC.'S MOTION TO BIFURCATE AND STAY DISCOVERY**

## I. INTRODUCTION

The National Rifle Association of America, Inc. ("NRA") sued The 1791 Foundation, Inc., formerly known as The NRA Foundation, Inc. (the "Foundation"), on January 5, 2026, alleging that the Foundation was not authorized to use certain NRA trademarks. The original Complaint and the Amended Complaint both fail to note, however, that in 1998 the NRA granted the Foundation a trademark license, which expressly authorized the Foundation to use and license others to use the "NRA" mark. *See* ECF 35-1 (Trademark License) at 1. As the NRA knows, the Trademark License eviscerates the NRA's trademark-related claims. The Trademark License was in addition to the NRA's grant to the Foundation of the irrevocable and perpetual right to use the name "The NRA Foundation" in its charter. In addition, the Trademark License granted the Foundation the right to use other NRA registered marks, with the NRA's consent, *id.*, which the Foundation did with the NRA's full knowledge and without objection for nearly three decades.

The Trademark License's termination provision unambiguously limits the manner in which it may be terminated, requiring that it "may be terminated by NRA at the discretion of the Board of Directors of the National Rifle Association of America." *Id.* at 1. But the NRA did not take board action to terminate the Trademark License before August 10, 2026—well after the Foundation had already changed its name and ceased using the NRA marks. *See* ECF 36-3 (NRA Resolution). The Trademark License precludes all of the NRA's remaining claims (Counts I–V of the Amended Complaint) against the Foundation (hereinafter referred to as the "Trademark License issue").

Accordingly, the Foundation requests that the Court (1) bifurcate discovery and permit targeted discovery concerning the Trademark License, (2) stay all other discovery pending resolution of the Foundation's anticipated summary judgment motion on the case-dispositive (or at least substantially case-dispositive) Trademark License issue, (3) set deadlines for the close of

targeted discovery and summary judgment briefing on the Trademark License issue, and (4) grant any further relief the Court deems just and proper. This approach will conserve judicial resources, spare these nonprofit entities needless expense, and promote the orderly administration of this case.

## II. BACKGROUND

The NRA alleges the Foundation's use of the NRA's marks was "unauthorized." ECF 19 (Amended Complaint) ¶ 2. But in 1998, the NRA granted the Foundation a non-exclusive, non-transferable, limited license to use, and license others to use, the trademark "NRA" "as the directors of the Foundation may deem proper." ECF 35-1 at 1. The Trademark License expressly provides that the Foundation may use the name "NRA Foundation" and license others to do the same "without seeking the prior permission of the NRA." *Id.* at 2. The Trademark License was signed by both the NRA and the Foundation, *id.* at 3, and has been in continuous effect for nearly three decades, as the Foundation has used the licensed NRA marks with the NRA's express knowledge and consent. *See id.* The Trademark License's termination provision states: "This license may be terminated by NRA at the discretion of the Board of Directors of the National Rifle Association of America." *Id.* at 2.

When the Foundation first raised the 1998 License through a Rule 11 letter on July 22, 2026, the NRA confirmed that the License was in its files but refused to amend or withdraw its claims. *See* ECF 41 (Meet and Confer Statement) ¶¶ 12–13.[1] On August 3, 2026, the Foundation served on the NRA targeted Requests for Production, Requests for Admissions, and Interrogatories limited to the discrete issue of the 1998 Trademark License and what, if any, action was taken by

[1] Instead, the NRA produced another Trademark License it discovered: a 2000 Trademark License giving the Foundation the right to use the "Friends of NRA" mark. *Id.* Like the 1998 Trademark Agreement, the 2000 Trademark License was not terminated until August 10, 2026, long after the Foundation ceased any use of the "Friends of NRA" trademark. *See* ECF 36-3.

or at the direction of the NRA Board of Directors to terminate that License. *Id.* at ¶ 17. Responses are due on or before September 2, 2026. *Id.*

On August 10, 2026—more than seven months after filing suit—the NRA Board adopted a resolution purporting to terminate the Trademark License, acknowledging that the Trademark License itself was valid. *See* ECF 36-3. By this time, the Foundation had already changed its name and ceased use of NRA trademarks more than two months earlier—on May 29, 2026. *See* ECF 41 ¶ 10. Accordingly, as discussed in detail below, all of the NRA's trademark claims are barred by the Trademark License, such that limited discovery and an early summary judgment motion on this case-dispositive issue will serve judicial economy and the public interest.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b) & (c), discovery must be "proportional to the needs of the case" and should be limited to avoid "undue burden or expense." "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). This includes the "broad discretion to limit discovery to dispositive issues." *Goodrich v. Bank of Am. N.A.*, 136 F.4th 347, 360 (D.C. Cir. 2026) (citation omitted); *see also Citizens for Resp. & Ethics in Washington v. Off. of Admin.*, 566 F.3d 219, 226 (D.C. Cir. 2009) (affirming district court's "discretion by limiting discovery").

## IV. ARGUMENT

This Court has already recognized that "judicial economy, convenience, fairness, and comity" require this case to remain focused on the core issues. ECF 29 (Memorandum Opinion on Motion to Dismiss) at 22 (citation omitted). Consistent with these principles, the Court should stay full-bore discovery on the NRA's remaining claims. Instead, the Court should (for now) allow discovery on only the Trademark License issue. It is a threshold issue that is likely to resolve, or at least substantially narrow, the NRA's remaining claims. Limiting discovery to the Trademark

License issue would therefore move the case towards resolution while sparing the Court and the Parties from great expense and serving the public interest by minimizing costs to nonprofit entities.

### A. The Trademark License Presents a Threshold Issue That Is Potentially Dispositive of the NRA's Trademark Claims.

In the words of this Court, "the crux of th[is] dispute is whether the NRA has given the Foundation permission to use the marks." ECF 29 at 18. The NRA answered that question long ago with the Trademark License but conspicuously omitted it from its Complaint and Amended Complaint, only coming forward with it when pressed after receiving the Foundation's Answer, Counterclaims, Affirmative Defenses, and Rule 11 letter. The NRA's remaining claims all rest on the allegation that the Foundation's use of the NRA's trademarks was "unauthorized." ECF 19 ¶ 2. But the Trademark License expressly authorized the Foundation to use the "NRA" mark and "***any other*** mark owned by the NRA" (ECF 35-1)—a fact the NRA acknowledged by voting to terminate the Trademark License on August 10, 2026 (ECF 36-3).

Because the Foundation ceased using the NRA's marks before the NRA's Board voted to terminate the Trademark License, the Trademark License remained in effect throughout the period relevant to the NRA's claims. *See* ECF 41 ¶ 10. As a result, there is no infringement, no false designation of origin, no dilution, and no cybersquatting to adjudicate.

### B. Bifurcation Will Promote Judicial Economy, Avoid Unnecessary Expense, and Serve the Public Good.

The Parties and the Court will benefit from orderly, phased discovery. Even though the Court has already narrowed the scope of this suit by dismissing the NRA's non-trademark claims, discovery on the remaining claims would still require broad discovery spanning all of the Parties' thirty-six-year relationship to determine whether, and to what extent, "the NRA has given the Foundation permission to use the marks." ECF 29 at 18. Unfettered discovery would encompass governance disputes, fundraising activities, donor information, internet domains, and social media

accounts (and many other subjects)—likely requiring witness testimony and expert reports. Such discovery cannot happen without great expense to the Parties. It will also burden the Court with a voluminous factual record and almost certainly require the Court to resolve unnecessary discovery disputes.

By contrast, discovery that is limited to the import of the Trademark License would require minimal expense. The Foundation has already served the first tranche of discovery demands regarding this issue. *See* ECF 41 ¶ 17. For the NRA to respond, it need only produce evidence about: (1) the Trademark License and its terms; (2) whether, when, and how the NRA Board purportedly took action to terminate the Trademark License on August 10, 2026, or at any time prior to that date; and (3) the circumstances surrounding any such action or the absence thereof. *Id.*

If the Court grants summary judgment in the Foundation's favor on the Trademark License issue, the case will be resolved—or its scope dramatically reduced—without the need for extensive discovery, expert reports, or a lengthy trial. If on the other hand, the Court denies summary judgment, the Parties can proceed to broader discovery on any remaining issues. Either way, the case will move towards resolution in an orderly and efficient manner.

**C. The NRA Will Not Be Prejudiced.**

The NRA cannot claim prejudice from an orderly examination of the Trademark License it failed to disclose. Once the Foundation raised the existence of the Trademark License, the NRA was compelled to confirm it exists and is maintained among the NRA's files. *Id.* at ¶ 13. The Foundation has already served targeted discovery with responses due September 2, 2026. *Id.* at ¶ 17. The Foundation's proposed schedule—targeted discovery followed by early summary judgment briefing on the Trademark License issue by October 12, 2026—is far more expeditious than the Parties' alternative schedule. *See id.* at ¶ 18. A stay of collateral discovery during that

brief period imposes no meaningful delay, will save the NRA substantial expense, conserve judicial resources, and promote the public interest by minimizing costs to both nonprofit entities involved in this litigation.

The NRA is incorrect that the Trademark License "does not cover all the NRA trademarks that the NRA contends have been infringed." *Id.* at ¶ 25. By its terms, the Trademark License covers both the "NRA" mark and "***any other*** mark owned by the NRA." ECF 35-1 at 1 (emphasis added).[2] But even if the NRA were correct (and it is not), the Trademark License still bears on the NRA's core allegations of unauthorized use, and discovery about it will (at a minimum) clarify what—if anything—remains to be litigated, informing the scope and proportionality of any subsequent discovery.

## V. CONCLUSION

For the foregoing reasons, the Foundation respectfully requests that the Court enter an order:

(1) Bifurcating discovery and permitting only discovery related to the Trademark License, including the question of whether the NRA Board ever validly terminated the Trademark License and, if so, when;

(2) Staying all other discovery pending the Court's resolution of the Foundation's anticipated motion for summary judgment on the Trademark License issue;

(3) Setting the following deadlines:

   a. September 30, 2026 as the close of targeted discovery on the Trademark License issue;

---

[2] To the extent the NRA argues that the license does not cover the trademark "Teach Freedom," the NRA is wrong. The Trademark License, by its terms, applies to all trademarks "owned by the NRA." ECF 35-1 at 1. In any event, that particular mark appeared only on the Foundation website, which was controlled and operated by the NRA.

b. October 12, 2026 as the deadline for the Foundation's Motion for Summary Judgment on the Trademark License issue;

c. November 2, 2026 as the deadline for the NRA's Opposition to the Foundation's Motion for Summary Judgment on the Trademark License issue;

d. November 16, 2026 as the deadline for the Foundation's Reply to its Motion for Summary Judgment on the Trademark License issue; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated: August 28, 2026

Respectfully submitted,

**DLA PIPER LLP**

*/s/ Christopher Oprison*
Christopher Oprison (D.C. Bar No. 489087)
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131
Tel: (305) 423-8522
Fax: (305) 657-6366
chris.oprison@dlapiper.com

Mary E. Gately (D.C. Bar No. 419151)
500 Eighth Street NW
Washington, DC 20004
Tel: (202) 799-4507
Fax: (202) 799-5507
mary.gately@dlapiper.com

Meagan D. Self (admitted *pro hac vice*)
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Tel: (214) 743-4556
Fax: (972) 813-6254
meagan.self@dlapiper.com

Marie Bussey-Garza
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103

Tel: (215) 656-3300
Fax: (215) 656-3301
marie.bussey-garza@dlapiper.com

*Attorneys for Defendant The 1791 Foundation, Inc., formerly known as The NRA Foundation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notification of such filing to all current counsel of record.

*/s/ Christopher Oprison*
Christopher Oprison